**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LARRY LEWIS FERGUSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | Criminal No. 03-72 |
| v. ) | Civil No. 11-0154 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**MEMORANDUM OPINION AND ORDER**

CONTI, District Judge.

## *I. Introduction*

Pending before the court is a motion for reconsideration (ECF No. 1051)[1] pursuant to Federal Rule of Civil Procedure 59(e) filed by Larry Lewis Ferguson ("Ferguson" or "petitioner"). Ferguson requests that the court reconsider its November 2, 2012 order (ECF No. 1039) denying Ferguson's motion to vacate, set side, or correct sentence by a person in federal custody pursuant to 28 U.S.C. § 2255 (ECF No. 958) ("§ 2255 motion"). Because the court addressed the issues Ferguson now raises in the memorandum opinion accompanying that order, Ferguson v. United States, CRIM. 03-72, 2012 WL 5398809, at *1 (W.D. Pa. Nov. 2, 2012), and does not find a basis for reconsideration, his motion for reconsideration will be denied.

## *II. Factual and Procedural Background*

The case against Ferguson arose from the activities of an illegal drug conspiracy, which operated in the North Side neighborhood of Pittsburgh, Pennsylvania, and was headed by Michael

---

[1] The docket references ("ECF No.") in this opinion refer to the docket in the criminal case, Criminal No. 03-72.

Good ("Good"). United States v. Ferguson, 394 F. App'x 873, 875 (3d Cir. 2010). Ferguson was one of Good's associates. Id. From 2002 through early 2003, authorities investigated Good's drug ring. Id. Wiretaps of cellular telephone conversations between Good and Ferguson, as well as visual surveillance of Ferguson, confirmed Ferguson's involvement in drug transactions. Id. Ferguson and Good met at a restaurant on January 23, 2003. Ferguson left the meeting and while driving a car, ran a red light and was stopped by the police. Id. at 875; Ferguson, 2012 WL 5398809, at *1. Ferguson consented to a search of the car's interior, which revealed heroin hidden in the center console. Ferguson, 394 F. App'x at 875.

A federal grand jury indicted Ferguson and other members of Good's drug ring for, inter alia, conspiracy to distribute and possess with intent to distribute at least 100 grams of heroin in violation of 21 U.S.C. § 846 and possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1). Id. at 876. The government's August 2004 superseding indictment charged Ferguson with conspiracy with intent to distribute at least 100 grams of heroin (count one) and six substantive counts of possession with intent to distribute heroin (counts four, seven, nine, ten, twelve, and twenty). Ferguson, 2012 WL 5398809, at *1. Count twenty was based upon Ferguson's January 23, 2003 arrest. Id. Ferguson entered pleas of not guilty to all counts and proceeded to trial, which ended in a mistrial. Ferguson, 394 F. App'x at 876. A retrial was scheduled for January 2006. Ferguson, 2012 WL 5398809, at *1.

Before the new trial began, Assistant United States Attorney Todd Eberle ("Eberle") of the United States Attorney's Office for the Western District of Pennsylvania, which was prosecuting Ferguson, received a letter written by Arlando Crowe ("Crowe"), Ferguson's cell mate in the prison where Ferguson was being held while awaiting retrial. (T.T. 2/2/06 at 5-6, (ECF No. 746).) In the letter, Crowe claimed that his cell mate told him about his case and "how he manipulated, lied and

2

had witnesses testify falsely. . . ." (Id. at 4, 23-24.) January 9, 2006 was the date by which the parties were to exchange discovery and share exhibit lists. The government at that time, however, had not yet interviewed Crowe. (Id. at 6, 10-19.) The government listed Crowe as a possible witness, but did not produce any statements relating to Crowe as Jencks material[2] at that time. (Id. at 4-5.)

On Friday, January 27, 2006, DEA Agents Mauricio Jimenez ("Jimenez") and Victor Joseph ("Joseph") interviewed Crowe, who related specific details about the events of Ferguson's January 23, 2003 arrest. ((T.T. 2/1/06 at 15-16, (ECF No. 745).) After the interview the government made the decision to call Crowe as a witness. (T.T. 2/2/06 at 26 (ECF No. 746).) The prosecution produced the DEA agents' interview notes to defense counsel as Jencks material on Tuesday, January 31, 2006. (T.T. 2/1/06 at 2 (ECF No. 745).) During a February 2, 2006 hearing, Ferguson's trial counsel, attorney Robert Stewart ("Stewart"), moved to exclude Crowe's testimony on the ground that the government failed to submit the Jencks material, including the letter written by Crowe and the interview notes, in advance of the January 9, 2006 deadline. (T.T. 2/2/06 at 3-8 (ECF No. 746).) The court denied the motion, but postponed Crowe's testimony until February 7, 2006. (Id. at 13.)

On that date, Crowe testified that Ferguson revealed details about Good's drug ring, as well as the details of Ferguson's January 23, 2003 arrest. (T.T. 2/7/06 (ECF No. 747 at 8-88).) At the retrial's conclusion, the jury convicted Ferguson of count one (the conspiracy count), count twenty

---

[2] Section (a) of the Jencks Act provides:
> In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpena [sic], discovery, or inspection until said witness has testified on direct examination in the trial of the case.

18 U.S.C. § 3500(a).

(a substantive count of possession with intent to distribute heroin) and four of the other five substantive counts of possession with intent to distribute heroin with which he was charged. Ferguson, 2012 WL 5398809, at *1. The court granted Stewart's motion to withdraw as Ferguson's counsel (ECF No. 714) and appointed attorney John Halley ("Halley"), who represented Ferguson in the post-trial proceedings and on direct appeal. (ECF No. 719.) Halley, arguing that Crowe's testimony should not have been admitted, moved for a new trial. (ECF No. 767.) The court denied the motion (ECF No. 781) and sentenced Ferguson to 360 months' imprisonment on October 13, 2006. (ECF No. 959-1 at 9.)

On direct appeal, the United States Court of Appeals for the Third Circuit affirmed Ferguson's conviction and sentence. Ferguson, 394 F. App'x at 875. Among other things, Ferguson argued that, with respect to counts one and twenty, this court committed error by declining to hold an evidentiary hearing sua sponte to "convince itself" that Crowe's testimony was not unfairly prejudicial under Federal Rule of Evidence 403 ("Rule 403"). See id. at 880. The court of appeals held, however, that the court did not err by denying Ferguson's motion in limine to exclude Crowe's testimony without holding a hearing, reasoning that

> the District Court did address the potential for Crowe's testimony to generate unfair prejudice of the type with which Rule 403 concerns itself. Namely, it instructed the jury on how to consider Crowe's self-interest in evaluating his testimony. . . . And as to Crowe's testimony itself, while Ferguson asserts that it was unduly prejudicial, he fails to explain why any such prejudice was undue.

Id. at 880-81 (emphasis in original) (record citation omitted).

On February 7, 2011, Ferguson filed a pro se § 2255 motion (ECF No. 958) and a memorandum of facts and law in support (ECF No. 959) in which he raised at least eleven claims challenging his conviction at count twenty on the basis of ineffective assistance of counsel. Ferguson, 2012 WL 5398809, at *2. On April 12, 2011, Ferguson filed a "Motion to Supplement

4

Movant's 28 U.S.C. 2255 Writ to Vacate and Memorandum of Facts and Law Brief under Rule (7) Governing 2255 Proceedings," (ECF No. 973), as well as a "Request to Correct Issue # 7 of 28 U.S.C. 2255 Petition to Vacate Memorandum of Facts and Law Brief" (ECF No. 974).

The government responded (ECF No. 977) to Ferguson's § 2255 motion on April 29, 2011, and Ferguson filed a reply brief (ECF No. 984) on June 9, 2011. On December 21, 2011, Ferguson filed a motion "Requesting the Court to Grant Him Leave to Supplement/Amend His Previously Filed 28 U.S.C. 2255 Motion Pursuant to Fed. R. Civ. P. Rule 15(c)(1)(b)" (ECF No. 992) ("first Rule 15 motion") and a brief in support (ECF No. 993). On January 12, 2012, Ferguson filed a second Rule 15(c)(1)(b) motion to amend/correct his § 2255 motion (ECF No. 996) ("second Rule 15 motion" and together with the first Rule 15 motion, the "Rule 15 motions").

Finding no need for an evidentiary hearing, this court concluded that "none of the issues raised by Ferguson are sufficient to implicate ineffective assistance of counsel under Strickland." Ferguson, 2012 WL 5398809, at *15. Accordingly, the court denied Ferguson's § 2255 motion on November 2, 2012 and declined to issue a certificate of appealability. Id. Ferguson timely moved for reconsideration pursuant to Federal Rule of Civil Procedure 59(e) (ECF No. 1051). The government responded (ECF No. 1078), and Ferguson filed a reply brief (ECF No. 1084).

### III. Standard of Review

The United States Court of Appeals for the Third Circuit has long held that the purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)). A motion for reconsideration under Federal Rule of Civil Procedure 59(e) must, therefore, rely on one of three grounds: (1) an intervening change in the law, (2) the availability of new evidence that was not

available at the time of the judgment, or (3) the need to correct a clear error of law or prevent manifest injustice. Blystone v. Horn, 664 F.3d 397, 415 (3d Cir. 2011); N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995).

Motions for reconsideration are to be limited to these purposes and are not intended to offer an additional opportunity to relitigate the case. Blystone, 664 F.3d at 415. A motion for reconsideration, therefore, is not properly grounded in a request for a district court to rethink a decision it has already rightly or wrongly made.[3] Williams v. City of Pittsburgh, 32 F. Supp. 2d 236, 238 (W.D. Pa. 1998); see Hiltabidel v. Uniontown Newspapers, Inc., 2:08-CV-409, 2010 WL 340738, at *1 (W.D. Pa. Jan. 22, 2010) (citing Bhatnagar v. Surrendra Overseas Ltd., 52 F.3d 1220, 1231 (3d Cir. 1995)) ("Motions for reconsideration are not designed to provide litigants with a second bite at the apple.").

## *IV. Discussion*

Ferguson acknowledges that the first two permissible grounds for a motion for reconsideration—an intervening change in the law or the availability of new evidence—do not apply here. (See ECF No. 1051 at 9.) The court will, therefore, analyze Ferguson's arguments with an eye to the remaining ground: whether the circumstances of the case give rise to a need to correct a clear error of law or prevent manifest injustice. Because neither error nor injustice is present, however, Ferguson's arguments[4] are without merit.

---

[3] A motion for reconsideration should not be used to advance additional arguments that the movant could have made prior to judgment. Reich v. Compton, 834 F. Supp. 753, 755 (E.D. Pa. 1993), aff'd in part, rev'd in part on other grounds, 57 F.3d 270 (3d Cir. 1995).

[4] This analysis deals primarily with Ferguson's ineffective assistance of counsel arguments or related arguments that bear upon the issue of ineffective assistance. Ferguson makes other arguments, however, that do not warrant extensive discussion. In one argument, Ferguson makes a vague allegation of "an unconscionable plan and scheme" by the prosecution that involved juror misconduct during the first trial and was "design[ed] to improperly influence the court's decision to admit [Crowe's] fabricated and prejudicial testimony" during the retrial. (ECF No. 1084 at 4.) This

6

*A. The Rule 15 Motions*

Ferguson requests that the court "address and resolve" his December 21, 2011 and January 12, 2012 Rule 15 motions to amend or correct his § 2255 motion. (ECF No. 1051 at 5.) He argues that the court should have granted or denied the Rule 15 motions on the record, ruled on them at an evidentiary hearing, or issued a certificate of appealability. (ECF No. 1051 at 11; ECF No. 1084 at 2, 9, 11.) In doing so, he incorrectly implies that the court failed to consider the information contained in the two Rule 15 motions and the one accompanying brief in reaching its decision to deny his § 2255 motion.

As a preliminary matter, it is important to note that the court recognized that Ferguson's two Rule 15 motions and the one accompanying brief were more accurately characterized as supplemental briefing to his § 2255 motion.[5] The court took their contents into account in reaching its decision to deny the § 2255 motion.[6] The court identified those motions as part of the background considered by the court. Ferguson, 2012 WL 5398809, at *2. The court referred to an argument raised in the first Rule 15 motion in the eleventh issue relating to ineffective assistance of counsel for failing to seek a severance. Id. at *15. The court is cognizant that the United States Supreme Court has "never suggested that procedural rules in ordinary civil litigation should be

---

point is moot, as the court declared a mistrial in the first trial. Ferguson also takes issue with the depiction of the facts of Ferguson's January 23, 2003 arrest in the government's response brief (ECF No. 1078). (ECF No. 1084 at 4.) The government's statement of facts is, however, supported by the record; even if it was not, the minor differences between Ferguson's account and the government's account has no bearing on the analysis of the issues presently before the court.

[5] If it is necessary, the court grants Ferguson's Rule 15 motions to the extent that the matters and arguments addressed in those motions were considered supplemental briefing.

[6] The government argues that the court did not formally grant Ferguson's two Rule 15 motions for leave to amend his § 2255 motion and, as a result, is at liberty to ignore their contents. (ECF No. 1078 at 5-6.) Because the court considered the Rule 15 motions as supplemental briefing and considered those submissions in reaching its decision to deny Ferguson's § 2255 motion, this argument is moot.

interpreted so as to excuse mistakes by those who proceed without counsel." McNeil v. United States, 508 U.S. 106, 113 (1993). Nevertheless, the court's treatment of Ferguson's Rule 15 motions and the accompanying brief accords with the United States Court of Appeals for the Third Circuit's observation that courts should construe pro se petitioners' claims "quite liberally." United States v. Miller, 197 F.3d 644, 646 (3d Cir. 1999). Because the court considered the content of the two Rule 15 motions and one accompanying brief as supplemental briefing and reviewed them for purposes of deciding Ferguson's § 2255 motions, Ferguson's arguments to the contrary are unavailing.

### B. *Ferguson's Claims of Ineffective Trial Counsel*

In his motion for reconsideration, Ferguson acknowledges that the court, in denying his § 2255 motion, "stated that none of petitioner's Ineffective Assistance claims are sufficient to implicate Ineffective Assistance of counsel . . . and require an Evidentiary Hearing." (ECF No. 1051 at 7.) Ferguson nonetheless raises several arguments related to those claims in the present matter. None of these arguments is sufficient to sustain Ferguson's motion for reconsideration; they were all previously raised, addressed, and rejected, and nothing contained in the motion for reconsideration has the potential to alter that outcome.

#### 1. *Ferguson's Rule 403 Argument*

Ferguson first argues that his Rule 15 motions supplemented and clarified his claim of ineffective assistance of trial counsel in violation of the Sixth Amendment. Ferguson claims Stewart failed to argue that Crowe's testimony should have been excluded under Rule 403 because its prejudicial effect outweighed its probative value. (ECF No. 1051 at 3; ECF No. 1084 at 3.) This argument is unavailing for several reasons.

First, Ferguson inaccurately represents the standard imposed by Rule 403. Rule 403 provides, in relevant part, that "[t]he court may exclude relevant evidence if its probative value is

8

***substantially*** outweighed by a danger of . . . ***unfair*** prejudice . . . ." Fed. R. Evid. 403. These requirements—that the prejudice alleged must be unfair and must also substantially outweigh its probative value—set a higher bar than Ferguson recognizes. (See ECF No. 1051 at 3 ("the probative value was outweighed by its Prejudicial Effect"); ECF No. 1084 at 3 ("probative value was outweighed buy [sic] its substantial prejudice to petitioner").)

Even if Ferguson's argument satisfied Rule 403's requirements, it would still fail to support his motion for reconsideration because the same issue was previously litigated and rejected on direct appeal. As Ferguson acknowledges (ECF No. 1051 at 5), the United States Court of Appeals for the Third Circuit did not accept Ferguson's Rule 403 claims, explaining that "while Ferguson asserts that [Crowe's testimony] was unduly prejudicial, he fails to explain why any such prejudice was undue." Ferguson, 394 F. App'x at 875. The purpose of a motion for reconsideration is to correct a clear error of law or prevent manifest injustice, not to relitigate the issues. Blystone, 664 F.3d at 415. Because Ferguson's Rule 403 arguments were raised and resolved previously, he may not use his motion for reconsideration to revisit them.

In a related argument, Ferguson claims that he was unfairly prejudiced under Rule 403 because the prosecutor, Assistant United States Attorney Troy Rivetti ("Rivetti"), allegedly engaged in prosecutorial misconduct by orchestrating a "ruse" involving fabricated documents—what Ferguson calls the "unnamed letter" from Crowe which Eberle received and DEA agent Jimenez's notes from the interview with Crowe. (ECF No. 1051 at 3; ECF No. 1084 at 9.) Pointing out that the provenance of the letter and notes was not corroborated via testimony under oath by either Eberle
9

or Jimenez,[7] Ferguson argues that Rivetti's "scheme" rendered the trial so unfair as to violate his Fifth Amendment due process rights. (ECF No. 1084 at 5, 10, 12.)

In its opinion denying Ferguson's § 2255 motion, the court expressly rejected Ferguson's "'vague and conclusory'" argument that Rivetti engaged in prosecutorial misconduct. Ferguson, 2012 WL 5398809, at *5 (quoting United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000)). In the opinion the court stated:

> Ferguson's claims that the government "fabricated" Crowe's testimony, as well as the report containing the jailhouse interview of Crowe and the "unnamed letters," are insufficient to prevail on a § 2255 motion. Ferguson proffers no facts or evidence that this material was "fabricated" and merely states the claim, multiple times, without any explanation concerning the alleged fabrication of the material.

Id.

Ferguson's motion for reconsideration suffers from the same maladies. In the absence of any specific facts to the contrary, simply pointing out that Eberle and Jimenez did not testify under oath to the provenance of the letter and the interview notes does not demonstrate, as Rule 59(e) requires, the presence of a clear error of law or fact or manifest injustice. Blystone, 664 F.3d at 415; Max's Seafood Café, 176 F.3d at 677. Mere disagreement with the court's decision does not mean that a clear error is present, and a motion for reconsideration is not to be used to persuade the court to

---

[7] Ferguson also implies that his cellmate in state prison, Carlos Coulton ("Coulton"), did not corroborate Crowe's statements, which demonstrates that the documents at issue were fabricated. (See ECF No. 1084 at 13.) The documentation provided by Ferguson in support of his motion for reconsideration defeats this argument. In a letter from Halley to Ferguson, Halley stated the following:
> I spoke to Carlos Coulton on Friday, December 8, 2006. . . . He told his counselor [at the prison] that he had nothing to offer or say about Larry Ferguson. He never met the investigators and only communicated through his counselor. I do not know what he could offer in connection with your case.

(Ex. C to Ferguson's Reply Br. (ECF No. 1084-3) at 3.) Because Coulton provided no information at all, whether he corroborated any statements is irrelevant to Ferguson's claims.

rethink a decision it has already made—whether rightly or not. Williams, 32 F. Supp. 2d at 238. Relitigation of the issues is not a proper purpose of a motion for reconsideration. Blystone, 664 F.3d at 415.

Because the court previously decided that the record does not support the existence of prosecutorial misconduct rooted in an alleged "ruse" involving fabricated documents, it follows that Rivetti's actions did not, as Ferguson claims, render his trial unfair in violation of the Fifth Amendment.[8] The court found the prosecutorial misconduct claim to be frivolous when it denied Ferguson's § 2255 motion and concluded that Stewart did not render ineffective assistance[9] for failing to advance it. Ferguson, 2012 WL 5398809, at *5. The court arrived at the latter conclusion by applying the Strickland test, under which the "'benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the function of the adversarial process that the trial cannot be relied on as having produced a just result.'" Id. at *3 (quoting Strickland v. Washington, 466 U.S. 668, 687 (1984)). As applied to Ferguson, that is not the case. Stewart's declining to make the meritless prosecutorial misconduct argument did not call the fundamental fairness of either the trial or the outcome into question, and further analysis is unnecessary to conclude that Ferguson's Fifth Amendment due process rights were not violated.

## 2. *Ferguson's Jencks Act Claims*

Ferguson also argues that neither Crowe's letter nor the agents' interview notes qualified as "statements" within the meaning of section (e) of the Jencks Act, 18 U.S.C. § 3500. (ECF No. 1051 at 4; ECF No. 1084 at 3). Ferguson posits that these documents are not Jencks material because they

---

[8] Motions for reconsideration should not be used, as Ferguson does here, to advance arguments that could and should have been made prior to judgment. Compton, 834 F. Supp. at 755.

[9] In considering whether Ferguson's counsel rendered ineffective assistance, the court addressed whether "'counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.'" Ferguson, 2012 WL 5398809, at *3 (quoting Strickland v. Washington, 466 U.S. 668, 687 (1984)).

were not admitted into evidence, and Jimenez did not testify under oath to writing the notes. (ECF No. 1051 at 6-7; ECF No. 1084 at 5, 13.) Ferguson implies that the court erred in permitting Crowe to testify on this basis. (See ECF No. 1051 at 6-7; ECF No. 1084 at 5, 13.) Ferguson draws the conclusion that, because Stewart did not make the arguments Ferguson advances here, Stewart's performance constituted ineffective assistance of counsel in violation of the Sixth Amendment. (ECF No. 1084 at 6.) He argues that Rivetti's actions with respect to the handling of the Jencks material deprived Ferguson of his Sixth Amendment right to a fair trial. Id. at 5-6. These arguments are without merit.

The court expressly addressed the issue whether the letter and interview notes constituted "statements" for Jencks Act purposes when it denied Ferguson's § 2255 motion, Ferguson, 2012 WL 5398809, at *5, and Ferguson cannot use his motion for reconsideration to relitigate that issue. Blystone, 664 F.3d at 415. Section 3500(e) defines the term "statement" as:

> (1) a written statement made by said witness and signed or otherwise adopted or approved by him;
> (2) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement made by said witness and recorded contemporaneously with the making of such oral statement; or
> (3) a statement, however taken or recorded, or a transcription thereof, if any, made by said witness to grand jury.

18 U.S.C. § 3500(e). Applying this definition, the court stated in no uncertain terms that:

> Ferguson's argument that Crowe's letter and the report about Crowe's interview do not qualify as Jencks material under 18 U.S.C. § 3500 is . . . unavailing.
>
> . . .
>
> ***The letter and report qualify as Jencks material within the meaning of the statute*** and, therefore, even if Ferguson's requested argument [had] been raised at trial or post trial by either attorney, it would have been frivolous.

Ferguson, 2012 WL 5398809, at *5 (emphasis added).

Ferguson acknowledges that mere disagreement with the court's conclusions is not a proper foundation for a motion for reconsideration, which will be entertained "[o]nly where matters were overlooked" that "might reasonably have resulted in a different conclusion." (ECF No. 1084 at 7.) He reiterates the ineffective assistance of counsel claims he made in his Rule 15 motions, but attempts to argue that they were different from those raised in his § 2255 motion (ECF No. 1084 at 7.) The argument that the letter and notes were not Jencks material, however, was raised; that issue is identical to one the court decided when it denied Ferguson's § 2255 motion. Ferguson is simply attempting to relitigate this issue, rather than requesting to correct a clear error of fact or law. There is no basis to sustain Ferguson's motion for reconsideration. Blystone, 664 F.3d at 415; Max's Seafood Café, 176 F.3d at 677.

Ferguson takes issue with the timeline of events regarding Rivetti's production of the letter and interview notes pursuant to the Jencks Act. (ECF No. 1084 at 5-6, 13.) This argument suffers from two major defects. First, Ferguson fails to explain why his version of events differs materially from those described by the court in its opinion denying his § 2255 motion. The court stated that "[t]he government in its response detailed the events relating to Crowe's testimony (ECF No. 977 at 16-21), including that the [Jencks] material was turned over four days after Crowe was interviewed and *the court provided Ferguson five days to review Crowe's Jencks material*." Ferguson, 2012 WL 5398809, at *6 n.2 (emphasis added).

Here, Ferguson provides no new information to contradict this conclusion. As of January 9, 2006, when witness lists were to be exchanged, the government had not yet interviewed Crowe, but listed him as a possible witness. Jimenez and Joseph interviewed Crowe on January 27, 2006, and Rivetti produced the agents' interview notes to Stewart as Jencks material on January 31, 2006.

Stewart moved to exclude Crowe's testimony on February 2, 2006, on the ground that Rivetti had not met the January 9, 2006 deadline, but the court, declining to place blame on Rivetti for the delay, denied Stewart's motion. The court, however, did postpone Crowe's testimony until February 7, 2006, affording Ferguson and his counsel an additional five days to review the Jencks material. Ferguson's claim that Rivetti "misled the court" by stating that a January 9, 2006 deadline applied to the Jencks material is, therefore, of no consequence; the court handled the late addition of the documents related to Crowe by affording Ferguson and his counsel five additional days to examine it. In other words, Ferguson and his counsel had seven days to review the Jencks material prior to Crowe's testimony. A simple disagreement with the court's conclusions with respect to this issue does not equate to a clear error of fact or law, and a motion for reconsideration is not intended to allow Ferguson to request that the court rethink its decision on the matter. Williams, 32 F. Supp. 2d at 238. This argument, therefore, cannot succeed.

In formulating his Jencks Act arguments, Ferguson misunderstands the Jencks Act's requirements. Ferguson takes issue with the timeline of events surrounding the documents related to Crowe and the court's conclusion that they were, in fact, Jencks material. He implies that they prejudiced his trial because the documents were not entered into evidence, the letter was "unnamed" and the notes unsigned, and neither Eberle nor Jimenez testified under oath about the documents' origins. (ECF No. 1051 at 1.)

These arguments do not comport with the intended purpose and requirements of the Jencks Act. Sections (a) and (b) provide:

> (a) In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpena [sic], discovery, or inspection ***until said witness has testified*** on direct examination in the trial of the case.

14

> (b) ***After a witness called by the United States has testified on direct examination***, the court shall, on motion of the defendant, order the United States to produce any statement (as hereinafter defined) of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified. If the entire contents of any such statement relate to the subject matter of the testimony of the witness, the court shall order it to be ***delivered directly to the defendant for his examination and use***.

18 U.S.C. § 3500(a)-(b) (emphasis added). The purpose of the Jencks Act is to limit defendants' access to documents qualifying as "statements" related to government witnesses' testimony; however, the Jencks Act permits defendants to use those statements for impeachment purposes once the government witness has testified. Campbell v. United States, 365 U.S. 85, 92 (1961). The Jencks Act requires the government, upon motion of a defendant, to produce Jencks material after a government witness has testified, and it is generally produced to the defendant rather than to the jury.[10] See 18 U.S.C. § 3500(a)-(b). The Jencks Act does not require the statements to be admitted into evidence or the provenance of a government witness's statements to be corroborated under oath as Ferguson suggests, and no "miscarriage and mockery of justice" occurred. (ECF No. 1051 at 1.)

Finally, Ferguson cites Strickland for the conclusory statement that if Stewart had advanced the arguments detailed above, "there is a reasonable probability [that] the outcome of the proceedings would have been different." (ECF No. 1051 at 6.) This argument cannot sustain Ferguson's motion for reconsideration. As this court found when it denied Ferguson's § 2255 motion, Stewart's conduct did not meet either the performance or the prejudice prong of the Strickland test for ineffective assistance of counsel. Ferguson, 2012 WL 5398809, at *1 ("The challenges raised by petitioner relate to ineffective assistance of counsel. Upon reviewing

---

[10] Jencks Act material might be heard by the jury if the defendant elected to use it to impeach the government witness during cross-examination. See 18 U.S.C. § 3500(a)-(b).

15

petitioner's motion . . . the court will deny the motion because petitioner cannot show sufficient prejudice or that his counsel's representation was deficient.").

The arguments Ferguson makes in the present motion for reconsideration do not alter this conclusion for three reasons. First, the court ruled on the issue whether Stewart was ineffective in its opinion denying Ferguson's § 2255 motion, and an attempt to relitigate a point of disagreement with the court will not suffice to support a motion for reconsideration. Blystone, 664 F.3d at 415. Second, even if relitigation was permissible in the context of the present motion, the court rejected the bases for the ineffective assistance claims Ferguson attempts to relitigate here—his Rule 403 and Jencks Act arguments—in the course of the discussion above. Third, Ferguson neither provides further factual support nor explains why or how the outcome of his trial would have been different but for the performance rendered by Stewart. Just as Ferguson's "bald conclusions" failed to support his § 2255 motion, Ferguson, 2012 WL 5398809, at *6, they do not constitute proper grounds for his motion for reconsideration, as they neither "correct manifest errors of law or fact" nor "present newly discovered evidence." Max's Seafood Café, 176 F.3d at 677. The court, therefore, declines to alter its judgment under Rule 59(e) with respect to whether Ferguson's trial counsel was ineffective.

### C. Ferguson's Claims of Ineffective Appellate Counsel

In his motion for reconsideration, Ferguson argues that his Rule 15 motions clarified his ineffective assistance of appellate counsel argument, in which he claimed that Halley failed to raise a plain error prosecutorial misconduct claim pursuant to Rule 52(b). (ECF No. 1051 at 4-5; ECF No. 1084 at 14.) As noted, this court did consider the Rule 15 motions as supplemental briefing. To support the allegations of prosecutorial misconduct upon which this ineffective assistance claim rests, Ferguson again points to the provenance of the Jencks material relating to Crowe—the

"unnamed letter" Eberle received and Jimenez's interview notes—and argues that material was not verified by either Eberle or Jimenez via testimony under oath. (ECF No. 1051 at 4.) Ferguson takes issue with the timeline of events relating to the turnover of the Jencks material. (ECF No. 1084 at 14.) Ferguson suggests that Halley should have argued that Rivetti's conduct made the trial so unfair that Ferguson was deprived of his due process rights under the Fifth Amendment. (ECF No. 1051 at 4.) All these arguments are unavailing.

The first problem with Ferguson's ineffective assistance of appellate counsel arguments is that the court rejected the same claims when it denied Ferguson's § 2255 motion. The court expressly stated:

> ***Halley did not render ineffective assistance of counsel*** by failing to argue for a new trial in response to Stewart's alleged failure to argue prosecutorial misconduct. ***A prosecutorial misconduct claim against Rivetti would have been meritless in light of the trial record***, which reflects the timing surrounding Crowe's Jencks material. Ferguson's claim fails under Strickland because his defense suffered no prejudice as a result of Halley's abstention from arguing for a new trial on these bases. It is noteworthy that Ferguson's arguments are largely bald conclusions which cannot support a § 2255 motion.

Ferguson, 2012 WL 5398809, at *6 (emphasis added). In his reply brief, Ferguson claims that the court did not consider the ineffective assistance of counsel implications of Ferguson's prosecutorial misconduct. (ECF No. 1084 at 3.) The excerpt above, however, demonstrates that argument was previously raised and rejected when the court denied Ferguson's § 2255 motion. Ferguson, 2012 WL 5398809, at *6 ("Halley did not render ineffective assistance of counsel by failing to argue for a new trial in response to Stewart's alleged failure to argue prosecutorial misconduct."). This issue has been thoroughly litigated, and a motion for reconsideration is not intended to provide an opportunity for Ferguson to relitigate it or otherwise persuade the court to rethink its decision. Blystone, 664 F.3d at 415; Williams, 32 F. Supp. 2d at 238.

Earlier in this memorandum opinion, the court rejected the allegations of prosecutorial misconduct upon which Ferguson's ineffective assistance of appellate counsel claims are founded. Because Ferguson continues to offer no new information or any clear and specific facts supporting his claim that Rivetti engaged in improper behavior, none of the information contained in his reconsideration motion in any way alters the court's conclusion for the reasons detailed above. The record contains nothing suggesting the presence of either a clear error of law or fact or manifest injustice necessary to sustain a motion for reconsideration. Max's Seafood Café, 176 F.3d at 677. Because the Fifth Amendment due process implications to which Ferguson alludes also rest upon the unsupported assumption that Rivetti engaged in prosecutorial misconduct, these arguments will be rejected without extensive discussion. As explained above, the allegations of prosecutorial misconduct lack merit, and, as this court found in its opinion denying the § 2255 motion, counsel is not obligated to raise meritless claims. Ferguson, 2012 WL 5398809, at *5 (quoting United States v. Sanders, 165 F.3d 248, 253 (3d Cir. 1999)) ("[T]here 'can be no Sixth Amendment deprivation of effective counsel based on an attorney's failure to raise a meritless argument.'").

To the extent that Ferguson argues that Halley's performance constituted ineffective assistance of appellate counsel because neither the letter from Crowe nor Jimenez's interview notes qualified as a "statement" for Jencks Act purposes or was admitted into evidence, that argument must suffer the same fate. (ECF No. 1051 at 4-5.) As the court explained in greater detail above, this court already decided that the letter and interview notes are Jencks material. Ferguson, 2012 WL 5398809, at *5. An attempt to second guess the court's decision is not a proper ground for a motion for reconsideration. Williams, 32 F. Supp. 2d at 238; see Blystone, 664 F.3d at 415. As discussed previously, the Jencks Act does not require the material in question to be admitted into

evidence.  See 18 U.S.C. § 3500.  Like all of Ferguson's other claims, these arguments cannot sustain Ferguson's motion for reconsideration.

### *V. Conclusion*

For the reasons detailed above, Ferguson failed to demonstrate that the arguments he raises in his motion for reconsideration constitute anything more than a relitigation of those arguments previously rejected in this court's opinion and order denying his § 2255 motion.  Accordingly, no evidentiary hearing is warranted, Ferguson's motion for reconsideration will be denied, and the court will not issue a certificate of appealability.

### VI. Order

AND NOW this 28th day June 2013, upon consideration of the submissions of the parties and for the reasons set forth above, the motion for reconsideration (ECF No. 1051) filed by petitioner Larry Lewis Ferguson is **DENIED.**

By the court,

/s/ Joy Flowers Conti
Joy Flowers Conti
United States District Judge

cc:
LARRY FERGUSON
Fed. Reg. #07714-068
FCI-Fairton
P.O. Box-420
Fairton, New Jersey 08320