**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LARRY LEWIS FERGUSON, | ) | |
| Petitioner, | ) | |
| | ) | Criminal No. 03-72 |
| v. | ) | Civil No. 11-0154 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |
| | ) | |

## OPINION

CONTI, Chief District Judge.

### I.  Introduction

Pending before the court is a "motion for relief from a judgment or order pursuant to Fed. R. Civ. P…60(d)(3) or in the alternative <u>Hazel-Atlas</u> independent action" (the "motion for relief from judgment") filed by pro se petitioner Larry Lewis Ferguson ("petitioner"). (ECF No. 1168.) Petitioner in the motion for relief from judgment raises issues similar to issues he raised in a motion to vacate, set aside, or correct sentence by a person in federal custody, pursuant to 28 U.S.C. § 2255 (the "§ 2255 motion") (ECF No. 958) and a motion for reconsideration (ECF No. 1051) of this court's opinion and order denying the § 2255 motion (ECF No. 1038). The government in its response in opposition to the motion for relief from judgment argues that the motion for relief from judgment is a second or successive § 2255 motion, and, therefore, this court lacks subject-matter jurisdiction to hear the motion. (ECF No. 1178 at 4.)

The government is correct. Petitioner in the motion for relief from judgment attacks the integrity of his underlying criminal convictions. Petitioner did not receive authorization from the Third Circuit Court of Appeals to file a second § 2255 motion. This court, therefore, lacks

subject-matter jurisdiction to hear petitioner's second § 2255 motion, i.e., the motion for relief from judgment. The motion for relief from judgment will, therefore, be denied for the reasons stated more fully herein.

**II. Procedural Background**

This court in its opinion denying petitioner's § 2255 motion dated November 11, 2012, and its opinion denying petitioner's motion for reconsideration dated June 28, 2013, set forth in detail the background and procedural history of petitioner's case. The court in this opinion will repeat only the background and procedural history facts pertinent to the resolution of the motion for relief from judgment.

A federal grand jury indicted petitioner, among others, for, among other things, conspiracy to distribute and possess with intent to distribute at least 100 grams of heroin in violation of 21 U.S.C. § 846 and possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1). (ECF No. 1.) A superseding indictment charged petitioner with conspiracy with intent to distribute at least 100 grams of heroin (count one) and six substantive counts of possession with intent to distribute heroin (counts four, seven, nine, ten, twelve, and twenty). (ECF No. 354); Ferguson v. United States, Crim. Action No. 03-72, 2012 WL 5398809, at *1 (W.D. Pa. Nov. 2, 2012). Petitioner entered pleas of not guilty to all counts and proceeded to a trial, which ended in a mistrial. United States v. Ferguson, 394 F. App'x 873, 876 (3d Cir. 2010). A retrial was scheduled for January 2006. Ferguson, 2012 WL 5398809, at *1.

Before the retrial began, Assistant United States Attorney Todd Eberle ("Eberle") of the United States Attorney's Office for the Western District of Pennsylvania received a letter written by Arlando Crowe ("Crowe"), petitioner's cell mate in the prison where petitioner was being held while awaiting retrial. (T.T. 2/2/06 (ECF No. 746) at 5-6.) In the letter, Crowe claimed that

2

his cell mate told him about his case and "how he manipulated, lied and had witnesses testify falsely." (Id. at 4, 23-24.) January 9, 2006, was the date by which the parties were to exchange discovery and share exhibit lists. The government at that time, however, had not yet interviewed Crowe. (Id. at 6, 10-19.) The government listed Crowe as a possible witness, but at that time did not produce any statements relating to Crowe as Jencks Act material, pursuant to the Jencks Act, 18 U.S.C. § 3500. (Id. at 4-5.)

On January 27, 2006, agents with the Drug Enforcement Agency (the "DEA"), Mauricio Jimenez ("Jimenez") and Victor Joseph ("Joseph"), interviewed Crowe, who told them specific details about petitioner. (T.T. 2/1/06 (ECF No. 745) at 15-16.) After the interview, the government made the decision to call Crowe as a witness during petitioner's trial. (T.T. 2/2/06 (ECF No. 746) at 26.) On January 31, 2006, the government produced to petitioner's counsel, Robert Stewart ("Stewart"), the DEA agents' interview notes as Jencks Act material. (T.T. 2/1/06 (ECF No. 745) at 2.) During a February 2, 2006 hearing, Stewart moved to exclude Crowe's testimony on the ground that the government failed to produce to him the Jencks Act material, including the letter written by Crowe and the interview notes, in advance of the January 9, 2006 deadline. (T.T. 2/2/06 (ECF No. 746) at 3-8.) The court denied the motion, but postponed Crowe's testimony until February 7, 2006, which permitted petitioner and his counsel seven days to review the Jencks Act material prior to Crowe testifying before the jury. (Id. at 13.)

On February 7, 2006, Crowe testified that petitioner revealed to him details about his involvement in the crimes charged in the superseding indictment. (T.T. 2/7/06 (ECF No. 747) at 8-88.) On February 23, 2006, a jury found petitioner guilty of six counts (one, four, seven, ten, twelve, and twenty) and not guilty of one count (count nine). (ECF No. 645.)

On September 1, 2006, petitioner's new counsel, John Halley ("Halley"), filed a motion for a new trial on petitioner's behalf. (ECF No. 767.) On October 13, 2006, the court on the record denied petitioner's motion for a new trial. (ECF No. 781.) On October 13, 2006, petitioner was sentenced to a term of imprisonment of 360 months at each of the six counts for which he was found guilty, a term of supervised release of 8 years at counts one and six, a term of supervised release of 6 years at counts four, seven, ten, twelve, and twenty, with all terms of supervised release to concurrently run, and a special assessment of $600. (ECF No. 806.) On October 20, 2006, petitioner filed a notice of appeal of the judgment entered against him. (ECF No. 810.) On November 12, 2010, the Third Circuit Court of Appeals affirmed this court's judgment entered against petitioner on October 20, 2006. (ECF No. 942.)

On February 7, 2011, petitioner filed his first § 2255 motion. (ECF No. 958.) On April 29, 2011, the government filed a response in opposition to petitioner's § 2255 motion. (ECF No. 977.) On June 9, 2011, petitioner filed a reply with respect to his § 2255 motion. (ECF No. 984.) Petitioner filed two motions to supplement his § 2255 motion, which the court construed as supplemental briefing and ultimately granted. (ECF Nos. 992-93, 995-996.) On January 6, 2012, the government filed a response in opposition to petitioner's first motion to supplement his § 2255 motion. (ECF No. 994.) On January 19, 2012, petitioner filed a reply to the government's response in opposition. (ECF No. 998.)

On November 2, 2012, the court issued an opinion, which set forth the reasons why the § 2255 motion would be denied and entered an order denying the motion and entering judgment in favor of the government. (ECF Nos. 1038, 1039.) On November 29, 2012, petitioner filed a motion for reconsideration of the court's judgment entered in favor of the government with respect to his § 2255 motion. (ECF No. 1051.) On February 14, 2013, the government filed a

response in opposition to petitioner's motion for reconsideration. (ECF No. 1078.) On March 4, 2013, petitioner filed a reply, which was entitled a response, with respect to his § 2255 motion. (ECF No. 1084.) On April 22, 2013, petitioner filed a supplemental brief, which was entitled a sur-reply brief, with respect to his motion for reconsideration. (ECF No. 1100.) On June 28, 2013, the court entered an opinion and order denying petitioner's motion for reconsideration. (ECF No. 1121.)

On August 8, 2013, petitioner filed a notice of appeal of the court's opinion and order denying his § 2255 motion and the court's opinion and order denying his motion for reconsideration. (ECF No. 1131.) On August 27, 2013, petitioner filed an amended notice of appeal of the court's opinion and order denying his § 2255 motion and the court's opinion and order denying his motion for reconsideration. (ECF No. 1136.) On October 31, 2013, the Third Circuit Court of Appeals issued an order denying petitioner's motion for certificate of appealability explaining that "jurists of reason would not debate the District Court's denial on the merits of appellant's claims of ineffective assistance of trial and appellate counsel, or the District Court's denial of reconsideration, for the reasons that the District Court explained in its opinions." (ECF No. 1141 at 1.)

On February 26, 2015, petitioner filed the pending motion for relief from judgment and a brief in support of the motion. (ECF Nos. 1168 and 1169.) On June 16, 2015, the government filed a response in opposition to petitioner's motion for relief from judgment. (ECF No. 1178.) On July 27, 2015, petitioner filed a reply, which was entitled a response, with respect to his motion for relief from judgment. (ECF No. 1185.) On December 1, 2015, petitioner filed a motion to supplement his motion for relief from judgment. (ECF No. 1195.) On March 31, 2016, this court granted petitioner's motion to supplement. (ECF No. 1200.)

Petitioner's motion for relief from judgment having been fully briefed is now ripe to be decided by the court.

## III. Discussion

### 1. Applicable Law

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), which, among other things, established stringent procedural and substantive requirements that an applicant must satisfy in order to file a "second or successive" habeas corpus petition with a district court.[1] The AEDPA's requirements for filing a second or successive petition under § 2255 is codified at 28 U.S.C. § 2255(h). Section 2255(h) provides:

> (h) A second or successive motion must be certified **as provided in section 2244** by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h) (emphasis added). Among other things, the AEDPA requires that *before* filing a "second or successive" petition with the district court, an applicant must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). A district court lacks subject-matter jurisdiction over an unauthorized second or successive petition. Lugo v. Zickefoose, 427 F. A'ppx 89, 92 (3d Cir. 2011) ("We also agree with the District Court's ultimate conclusion that it lacked subject matter

---

[1]     The AEDPA does not define the phrase "second or successive," and not all numerically second (or greater) petitions fall within § 2244(b)'s scope. See, e.g., Magwood v. Patterson, 561 U.S. 320, 332 (2010); United States v. Winkelman, 746 F.3d 134, 135 (3d Cir. 2014); Blystone v. Horn, 664 F.3d 397, 413 (3d Cir. 2011).

jurisdiction over the petition, treated as a second or successive § 2255 motion."); Wilcox v. United States, Civ. Action No. 11-1247, 2015 WL 179542, at *1 (D.N.J. Jan. 14, 2015) ("This Court will deny the motion because it is a second or successive § 2255 petition. This Court lacks subject-matter jurisdiction to review it without authorization from the United States Court of Appeals for the Third Circuit ("Third Circuit")."). In other words, if a petitioner does not obtain authorization from the court of appeals to file a second or successive motion, the district court is without subject-matter jurisdiction to hear the petition.

Once it is determined that the filing of a petitioner is an unauthorized second or successive petition, a district court within the Third Circuit may proceed by entering an order either (1) dismissing the petition for lack of subject-matter jurisdiction, or (2) transferring the petition to the court of appeals pursuant to 28 U.S.C. § 1631 for consideration as an application to file a second or successive petition. Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002) ("When a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631.").[2] The AEDPA's substantive requirements, which are codified at § 2244(b), are the same whether an application is transferred from the district court or is filed by the applicant directly with the court of appeals.

---

[2]  "The statute provides that the district court shall *dismiss* a second or successive petition that has not been authorized by the court of appeals. 28 U.S.C.A. § 2244(b)(1), (4)." Federal Habeas Manual § 11:81 (emphasis in original). Notwithstanding the "dismissal" language in § 2244(b), several courts of appeals, including the Court of Appeals for the Third Circuit, permit district courts in their circuits to transfer the petition for consideration as an application to file a second or successive petition. Id. (citing, inter alia, Robinson, 313 F.3d at 139); see Third Circuit Local Appellate Rule 22.5, which sets forth the procedures applicable when a district court enters a transfer order in an unauthorized second or successive petition case.

To avoid the AEDPA's second or successive gatekeeping requirements, applicants seeking habeas relief will sometimes raise claims in what they designate as a motion under, among others, Federal Rule of Civil Procedure 60(b) or Hazel-Atlas Glass Co. v. Hartford Empire Co., 322 U.S. 238 (1944). An applicant seeking habeas relief, however, "is not permitted to circumvent AEDPA's second or successive petition requirements simply by labeling the petition…as something other than what it is." Federal Habeas Manual § 11:42. In Gonzalez v. Crosby, 545 U.S. 524 (2005), the Supreme Court addressed the circumstances in which the utilization of Rule 60(b) is "inconsistent with" the AEDPA's second or successive requirements and, as a consequence, not available to a state prisoner seeking habeas relief. The Court held that a Rule 60(b) motion must be construed as a habeas application subject to § 2244(b)'s requirements when it advances one or more "claims." Gonzalez, 545 U.S. at 531-32.[3] The Court

---

[3]    The Court's analysis in Gonzalez is applicable to this case, which raises issues under § 2255. One district court has explained:

> In Gonzalez v. Crosby, the Supreme Court noted that the provisions governing second and successive petitions under § 2254 and those under § 2255, although similar, are not identical. The court therefore limited its holding to § 2254 cases. 545 U.S. at 529 n. 3. Because none of the minor differences between the provisions in § 2254 cases and those in § 2255 cases has any bearing on the issues in the present case, the reasoning of Gonzalez should apply to the instant case. In addition, Pridgen had involved a § 2254 petition by a state prisoner; however, the Third Circuit and its district courts have applied Pridgen in the § 2255 context as well. See, e.g., Tavares v. Meyers, 129 Fed. Appx. 694, 696 (3d Cir.2005) (not precedential); United States v. Coley, No. CRIM.A. 99–033–2JJF, 2005 WL 1107375, at *2 (D.Del.2005); United States v. Tam, No. CRIM.98–00550–01, Civ.03–0141, 2005 WL 1030197, at *2–4 (E.D.Pa.2005).

United States v. Perez, Crim. Action No. 94-192, 2013 WL 6077351, at *2 n.5 (E.D. Pa. Nov. 19, 2013). Similarly in this case, any difference between § 2254 and § 2255 does not have bearing on the issues present in this case, and, therefore, Gonzalez is applicable to this case. The Third Circuit Court of Appeals has cited to and applied the holding of Gonzalez to cases arising under § 2255. See e.g., United States v. Swint, 616 F. A'ppx 38, 38 (3d Cir. 2015) (per curiam); United States v. Banks, 582 F. A'ppx 86, 89 (3d Cir. 2014); United States v. Bennett, 514 F. A'ppx 151, 154 (3d Cir. 2013); Queen v. Romine, 488 F. A'ppx 590, 591 (3d Cir. 2012); United

explained that "[i]n most cases, determining whether a Rule 60(b) motion advances one or more 'claims' will be relatively simple." <u>Gonzalez</u>, 545 U.S. at 532. Where "[a] motion … seeks to add a new ground for relief" it obviously is advancing a "claim." <u>Id.</u> So is a motion that "attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." <u>Id.</u> (footnote omitted). Similarly, a motion that seeks to present newly discovered evidence in support of a claim previously denied presents a "claim." <u>Id.</u> The Court recognized that a Rule 60(b) motion is a "true" 60(b) motion if it challenges only a procedural ruling of the habeas court that precluded a merits determination of the habeas application, <u>id.</u> at 532 n.4, or challenges a defect in the integrity of the federal habeas proceedings, such as an assertion of fraud, <u>id.</u> at 532.

Thus, when a document designated as a Rule 60(b) motion is filed with the district court in a habeas case, the judge assigned to the case must first determine, using the criteria outlined in <u>Gonzalez</u>, whether the motion is a true Rule 60(b) motion or is actually a second or successive habeas petition.  If the judge concludes that the motion is a true Rule 60(b) motion, the motion should be ruled upon in the manner any other Rule 60(b) motion would be. <u>Gonzalez</u>, 545 U.S. at 533-36. If, however, the judge concludes that the motion is an unauthorized second or successive habeas petition, it must be denied for lack of subject-matter jurisdiction or be transferred to the court of appeals for consideration as an application to file a second or successive petition. <u>Id.</u> at 531-32; <u>Robinson</u>, 313 F.3d at 139.

---

States v. Ramsey, 349 F. A'ppx 692, 693 (3d Cir. 2009); <u>Schweitzer v. United States</u>, 215 F. A'ppx 120, 123 (3d Cir. 2007).

In <u>Hazel-Atlas</u>,[4] the Supreme Court of the United States in a civil case recognized an

exception to the general rule "that judgments should not be disturbed after the term of their entry

has expired," and held that federal courts have an inherent power to "set aside their judgments

---

[4]     Petitioner filed his motion for relief from judgment under Federal Rule of Civil
Procedure 60(d)(3) or "in the alternative," pursuant to <u>Hazel-Atlas</u>. (ECF No. 1168.) The Court
of Appeals for the Tenth Circuit explained the relationship between Rule 60(d)(3) and <u>Hazel-Atlas</u> as follows:

> In <u>Hazel–Atlas</u>, the Supreme Court held that a federal court possesses
> inherent power to vacate a judgment obtained by fraud on the court. <u>See</u> 322 U.S.
> at 248–49, 64 S.Ct. 997. The Court thus "recognized what is now referred to as
> the 'fraud on the court' doctrine." <u>Robinson v. Audi Aktiengesellschaft</u>, 56 F.3d
> 1259, 1266 (10th Cir.1995). Rule 60(b) sets forth grounds upon which a party
> may move the district court to grant relief from a final judgment. And Rule
> 60(d)(3) confirms that Rule 60 "does not limit a court's power to ... set aside a
> judgment for fraud on the court." Before December 1, 2007, when the rule was
> amended to add subsection (d)(3), substantively identical savings-clause language
> regarding fraud-on-the-court claims was included in Rule 60(b). <u>See</u> FED.R.CIV.P.
> 60(b) (eff.Aug.1, 1987) (providing that "[t]his rule does not limit the power of a
> court to ... set aside a judgment for fraud upon the court"). The Supreme Court
> has noted that the inherent power to set aside a judgment due to fraud on the
> court, as recognized in <u>Hazel–Atlas</u>, was reflected and confirmed in former Rule
> 60(b). <u>See</u> <u>Plaut v. Spendthrift Farm, Inc.</u>, 514 U.S. 211, 233–34, 115 S.Ct. 1447,
> 131 L.Ed.2d 328 (1995) (stating that Rule 60(b) "reflects and confirms the court's
> own inherent and discretionary power, 'firmly established in English practice long
> before the foundation of our Republic,' to set aside a judgment whose
> enforcement would work inequity" (quoting <u>Hazel–Atlas</u>, 322 U.S. at 244, 64
> S.Ct. 997)). A fraud-on-the-court claim may be brought either as an independent
> action preserved by the savings clause in Rule 60(d)(3), or as a claim under Rule
> 60(b)(3), which provides for relief from judgment based on "fraud ...,
> misrepresentation, or misconduct by an opposing party." <u>See</u> <u>Zurich N. Am. v.
> Matrix Serv., Inc.</u>, 426 F.3d 1281, 1291 (10th Cir.2005) (noting "courts have
> allowed parties to file a claim for fraud on the court under subsection (b)(3)"). In
> either case, this court applies the same demanding standard of proof for
> establishing a fraud on the court. <u>See</u> <u>id.</u>

<u>United States v. Baker</u>, 718 F.3d 1204, 1206 (10th Cir. 2013).

A motion for relief from judgment based upon fraud filed under Rule 60(b) "must be
made within one year from the date that the judgment was entered." 12 JAMES W. MOORE,
MOORE'S FEDERAL PRACTICE § 60.81[1][a] (3d ed. 2016). "There is no time limit on setting
aside a judgment" based upon a claim of fraud on the court under Rule 60(d)(3). 11 CHARLES A.
WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2870
(3d ed. 2012).

after the expiration of the term at which the judgments were finally entered…under certain circumstances, one of which is after-discovered fraud." Hazel-Atlas, 322 U.S. at 244. To meet the "demanding standard" and prove a claim of fraud on the court, petitioner must show there was: "(1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) that in fact deceives the court." Herring v. United States, 424 F.3d 384, 390 (3d Cir. 2005). "[A] determination of fraud on the court may be justified only by 'the most egregious misconduct directed to the court itself,' and that it 'must be supported by *clear, unequivocal and convincing evidence*.'" Id. (quoting In re Coordinated Pretrial Proceedings in Antibiotic Antitrust Actions, 538 F.2d 180, 195 (8th Cir. 1976)) (emphasis added). The court in United States v. Rodriguez explained:

> The equitable power to set aside a prior judgment for fraud on the court is *extraordinary*, with few of the limitations that otherwise constrain motions for relief from a judgment due to fraud under Rule 60(b)(3) of the Federal Rules of Civil Procedure or independent actions for relief from a judgment due to fraud.

United States v. Rodriguez, Crim. Action No. 98-362-12, 2012 WL 162297, at *4 (E.D. Pa. Jan. 18, 2012) (citing 11 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KANE, FEDERAL PRACTICE AND PROCEDURE § 2870, at 411-13 (4d ed. 1995)) (emphasis added).

The Third Circuit Court of Appeals has held in the criminal context that "there is no "'long unquestioned' power of federal district courts" to vacate a judgment procured by fraud in the criminal context." United States v. Washington, 549 F.3d 905, 914 (3d Cir. 2008) (quoting Carlisle v. United States, 517 U.S. 416, 425 (1996)). "Even if federal courts once possessed the power to vacate a criminal judgment of sentence tainted by fraud on the court, that power has now been abrogated by statute and rule." Rodriguez, 2012 WL 162297, at *4 (citing Washington, 549 F.3d at 914; 18 U.S.C. § 3582(c); FED. R. CRIM. P. 35).

The Third Circuit Court of Appeals "has yet to address in a precedential opinion whether a post-conviction motion for relief from judgment under Hazel−Atlas should be treated as a § 2255 motion." Rodriguez, 2012 WL 162297, at *5 (citing United States v. Barbosa, 239 F. A'ppx 758, 760-61 (3d Cir. 2007)). The court in Rodriguez noted that the Third Circuit Court of Appeals' "treatment of the issue in non-precedential orders and opinions has run the gamut," and explained:

> In one instance where the district court had transferred a prisoner's Hazel−Atlas motion to the court of appeals as a successive § 2255 motion, the Third Circuit stated that the "motion seeks relief from judgment based on a fraud on the court under Hazel Atlas Glass[] Co. v. Hartford−Empire Co., 332 U.S. 238 (1944), and as such, is not a second or successive section 2255 motion." In re Weatherwax, No. 99−3550 (3d Cir. Nov. 12, 1999) (unpublished order). But the court has also suggested the opposite view in, for example, United States v. Reynolds, which affirmed denial on the merits of a post-conviction Hazel−Atlas motion but cautioned that it would be "the preferable course" to treat such a motion as a § 2255 motion. No. 11−1839, 2011 WL 4839068, at *1 n. 1 (3d Cir. Oct.13, 2011) (per curiam).

> At other times, the Third Circuit has affirmed denial on the merits of a post-conviction Hazel−Atlas claim while expressly reserving decision on whether to apply the gate-keeping provisions of AEDPA, United States v. Burke, 193 F. App'x 143, 144 (3d Cir.2006) (per curiam), or while reserving decision and, in the alternative, denying a certificate of appealability, Barbosa, 239 F. App'x at 760 n. 2. And, finally, the court has affirmed the denial on the merits of a post-conviction Hazel−Atlas motion without any discussion of the potential AEDPA limitations on such a motion. United States v. Brown, No. 11−2784, 2011 WL 4375815, at *1 (3d Cir. Sept.21, 2011).

Rodriguez, 2012 WL 162297, at *5; United States v. Spikes, Crim. Action No. 08-201-2, 2015 WL 5460567, at *2 (E.D. Pa. Sept. 16, 2015); United States v. Burnett, Crim. Action No. 08-201, 2015 WL 3443946, at *3 (E.D. Pa. May 29, 2015). Whether a post-conviction motion for relief from judgment under Hazel−Atlas should be treated as a § 2255 motion is a "crucial" question because—as the court in Spikes and Burnett explained:

> [I]f the Hazel–Atlas motion is treated like a § 2255 motion, it is a second or successive petition, and [the petitioner] must procure a certificate of appealability from the Third Circuit Court of Appeals before this Court can consider the merits. If it is not, the Court may consider the merits now[.]

Spikes, 2015 WL 5460567, at *2; Burnett, 2015 WL 3443946, at *3. Given the varying decisions by the court of appeals with respect to the issue, "the Rodriguez court looked to the jurisprudence surrounding Federal Rule of Civil Procedure 60(b) motions, a similar vehicle for attacking a judgment and one with a much more settled body of case law." Spikes, 2015 WL 5460567, at *2 (citing Rodriguez, 2012 WL 162297, at *5).

District courts within the Third Circuit considering the issue and following the jurisprudence surrounding Rule 60(b) motions have instructed:

> First, the Court must determine whether the motion attacks the prisoner's underlying judgment of conviction or sentence, or attacks a prior judgment entered in post-conviction relief proceedings. See Gonzalez v. Crosby, 545 U.S. 524, 530–36 (2005). If it attacks the former, it is treated as a collateral attack on the conviction, and is subject to the limitations of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Id. at 531; see also Nicholas v. Patrick, Civ. A. 06–1680, 2015 WL 2236674, at *12 (E.D.Pa. May 11, 2015) ("The Court must first determine whether petitioner's Hazel–Atlas Motions are in essence second or successive habeas petitions.").

Spikes, 2015 WL 5460567, at *2; Burnett, 2015 WL 3443946, at *5; Nicholas v. Patrick, Civ. Action No. 06-1680, 2015 WL 2236674, at *1-2 (E.D. Pa. May 13, 2015); Rodriguez, 2012 WL 162297, at *5. The court in Rodriguez explained:

> Thus, only when a prisoner invokes Hazel–Atlas to "attack[ ] the integrity of the underlying criminal proceeding," should the prisoner's claim be treated as a second or successive § 2255 motion. Barrett, 2006 WL 3248396, at *9; accord United States v. McIntosh, 373 F. App'x 597, 599 (7th Cir.2010) ("The substance of McIntosh's post-judgment [Hazel–Atlas] motion is a request for relief from the underlying criminal judgment. Such a request, regardless of its caption, requires advance authorization from the court of appeals where, as here, its substance attacks the constitutional validity of the criminal judgment on the merits."). ***To hold otherwise would be to invite the use of Hazel–Atlas as a pleading device to***

13

*evade the restrictions imposed by Congress on second or successive habeas petitions.*

Rodriguez, 2012 WL 162297, at *5 (emphasis added).

## 2. Analysis

Petitioner in his motion for relief from judgment seeks "relief from this court's judgment in both his criminal retrial…and collateral proceedings…because they both were based upon fraud on the court by an officer of the court…[i.e., Assistant United States Attorneys] Troy Rivetti…and…Kelly Labby." (ECF No. 1169 at 7.) In other words, petitioner—based upon the same arguments—attacks his underlying judgment of conviction or sentence and a prior judgment entered in post-conviction relief proceedings. The court will separately address petitioner's arguments with respect to the relief he seeks.

### i. Relief from the court's judgment in petitioner's criminal retrial

Petitioner in his motion for relief from judgment attacks the judgment entered in his criminal retrial on the following bases:

− Assistant United States Attorney Troy Rivetti ("Rivetti") fabricated documents and presented them to the court as Jencks Act material with respect to Crowe (ECF No. 1169 at 5);

− the alleged Jencks Act material with respect to Crowe was never entered into evidence but "on direct examination examined Crowe from the documents" (ECF No. 1169 at 3, 10);

− the alleged Jencks Act material did not qualify as Jencks material, pursuant to 35 U.S.C. § 3500(e)(1) "because no government witnesses other than AUSA Rivetti's representation to the court testified to the court during the February 1st and 2nd 2006 [sic] evidentiary hearings, to writing, signing, approving, or adopting the documents as their own as required by statute." (ECF No. 1169 at 3, 5);

- Stewart provided petitioner ineffective assistance of counsel in violation of the Sixth Amendment to the United States Constitution (ECF 1169 at 9-10);[5] and

- petitioner's second counsel, John Halley ("Halley"), provided petitioner ineffective assistance of counsel in violation of the Sixth Amendment to the United States Constitution (ECF No. 1169 at 11-12).[6]

Each of the foregoing arguments is an attack on the integrity of the underlying criminal proceeding, i.e., petitioner's retrial that resulted in judgments of guilty being entered in his case. The arguments raised by petitioner were either previously raised with this court and the court of appeals or should have been raised with this court or the court of appeals. Under those circumstances—and without further discussion—the motion for relief from judgment must be denied as an unauthorized successive § 2255 motion. The foregoing arguments attack petitioner's criminal convictions and not the prior habeas proceedings. This court is not empowered to address the foregoing arguments unless and until petitioner receives authorization

---

[5]    Petitioner argues that Stewart provided ineffective assistance of counsel by: (a) agreeing with Rivetti's representations to the court with respect to the alleged Jencks Act material "without investigating Jencks Act, and arguing to the court the statute 18 U.S.C. § 3500(e)(1) of what constitutes a Jencks statement[]." (ECF No. 1169 at 9); and (b) arguing to the court that the government's disclosure to petitioner of the alleged Jencks Act material was untimely and prejudicial "without showing the actual prejudice" by arguing to the court that the government fabricated the alleged Jencks Act material and the alleged Jencks Act material did not actually constitute Jencks Act material because "no government witness, other than AUSA Rivetti's representation to the court testified to the court during the evidentiary hearings to writing, signing, approving, or adopting as their own the documents as required by the statute" (Id. at 9); and (c) not objecting to Rivetti's use of the alleged Jencks Act material on direct examination despite the alleged Jencks Act material not being entered into evidence (Id. at 10).

[6]    Petitioner argues that Halley provided ineffective assistance of counsel by: (a) responding to this court's questioning during a hearing on petitioner's post-trial motion about the alleged Jencks Act material with "some egregious answer about the documents not being pretrial" (ECF No. 1169 at 11); (b) "arguing to the U.S. Third Circuit Court of Appeals a 403 claim, that the court did not address on its merits" (Id. at 11); and (c) failing to argue to the court of appeals that this court erred with respect to the alleged Jencks Act material under Campbell v. United States, 365 U.S. 85 (1961), United States v. Walden, 578 F.2d 966 (3d Cir. 1978), and Smith v. Robbins, 528 U.S. 259, 288 (2001) (Id. at 11-12).

from the Third Circuit Court of Appeals. Petitioner's motion for relief from judgment—to the extent it attacks petitioner's criminal convictions—is a second or successive § 2255 motion and will be denied for lack of subject-matter jurisdiction. Petitioner may seek authorization from the Third Circuit Court of Appeals to file a second or successive § 2255 motion.

### ii. Relief from the court's judgment in petitioner's habeas proceedings

#### a. No after-discovered fraud

Petitioner in his motion for relief from judgment and accompanying submissions argues Rivetti, Labby, and Assistant United States Attorney Jane Dattilo ("Dattilo") "committed fraud on the court in their opposition briefs to petitioner's § 2255 and Rule 59(e) proceeding pertaining to the alleged Jencks Statement documents which affected the integrity of the judicial proceedings." (ECF No. 1185 at 2.) Petitioner alleges that:

- Labby "knowingly and deliberately lied to the Court in his or her opposition brief…during the § 2255 proceeding which petitioner argues amounted to fraud on the court and affected the integrity of the judicial proceeding" by arguing to the court in his or her opposition brief that: (a) "a copy of an unnamed letter" was "a Jencks Statement" (ECF No. 1185 at 5); (b) Rivetti "was a newly appointed AUSA exchanging witness list [sic] with petitioner's defense attorney…for the very first time" (Id. at 6); and (c) "hand printed [sic] notes were taken from a [sic] interview of jail house inmate Arlando Crowe, and that these hand printed [sic] notes…were DEA agents Jencks Statement report documents" (Id. at 7);

- this court adopted Labby's "fraudulent argument raised in his or her opposition brief" (ECF No. 1185 at 8);

- Labby's fraudulent arguments and the court's adoption of those arguments "were clearly in contradiction to…18 U.S.C. § 3500…[which] defines a Jencks Statement…as statements that have been written, signed, adopted, and approved by the government witness as being their own" because the only "testimony" presented by the government with respect to the alleged Jencks Act material was from Rivetti, who was not a government witness (ECF No. 1185 at 8-9);

- Rivetti and Datillo "re-asserted in their Rule 59(e) opposition brief the same fraudulent argument made to the Court by Kelly Labby pertaining to the alleged

Jencks Statement documents raised in his/her brief during petitioner's § 2255 proceeding" (ECF No. 1185 at 2, 4, 10); and

- Rivetti attempted to "conceal the truth from this Court pertaining to the alleged Jencks Statement documents" by arguing in his opposition brief to the motion for relief from judgment that the motion for relief from judgment is a second or successive § 2255 motion and that this court "specifically and thoroughly addressed" these issues in its opinions setting forth the reasons petitioner's § 2255 motion and motion for reconsideration would be denied (ECF No. 1185 at 3, 9).

Petitioner's claims that the AUSAs assigned to his case committed fraud upon by court by lying to the court in their briefs in opposition to his § 2255 motion and motion for reconsideration are based upon petitioner's arguments that during his retrial: (a) the government did not produce to petitioner or the court materials that constitute Jencks Act material, pursuant to 18 U.S.C. § 3500; (b) the government presented to the court via the representations by Rivetti, who was not a government witness, insufficient evidence to authenticate the allegedly fabricated letter that was allegedly sent to Eberle by Crowe and the allegedly fabricated ten pages of notes by the government agents who allegedly interviewed Crowe; and (c) the court erred by permitting the testimony of Crowe and concluding the allegedly fabricated letter that was allegedly sent to Eberle by Crowe and the allegedly fabricated ten pages of notes by the government agents who allegedly interviewed Crowe were Jencks Act materials that were properly disclosed to petitioner prior to Crowe's testimony. Under those circumstances, the court is not convinced that any portion of petitioner's motion for relief from judgment constitutes a proper Hazel-Atlas action as compared to a second § 2255 motion.

In Hazel-Atlas, the court pointed to "after-discovered fraud" as a basis upon which "relief [may] be granted against judgments regardless of the term of their entry." Hazel-Atlas, 322 U.S. at 244. The bases underlying each of the foregoing arguments asserted by petitioner are the same as the bases underlying each of petitioner's arguments in support of his motion for relief from

judgment with respect to petitioner's criminal retrial; in other words, petitioner is attacking his convictions based upon the same theories he raised or could have raised in his § 2255 petition. The fraud he alleges is not "after-discovered fraud." Petitioner does not assert—and the court cannot discern—any other basis upon which to grant petitioner the relief he now seeks.

### b. **Attack on convictions**

Petitioner cannot avoid the strict requirements of 28 U.S.C. § 2255(h) that must be met in order to file a second § 2255 motion by arguing that the government in its filings related to petitioner's § 2255 motion and motion for reconsideration committed fraud upon the court by referring to the court's rulings made during petitioner's retrial. The court views petitioner's arguments with respect to the government's filings related to petitioner's § 2255 motion and motion for reconsideration as merely attempts to circumvent the strict requirements for the filing of a second § 2255 motion set forth in 28 U.S.C. §§ 2255(h). Petitioner in his motion for relief from judgment is attacking the integrity of his underlying criminal convictions and not the integrity of the habeas proceedings, i.e., if the court agrees with petitioner that the government committed fraud upon the court in its submissions related to petitioner's habeas proceedings by reasserting allegedly false statements made during the retrial, the court's ruling would cast doubt upon the integrity of petitioner's underlying criminal convictions including the court's prior rulings, which were affirmed by the Court of Appeals for the Third Circuit.[7] Under those

---

[7]     In Nicholas v. Patrick, Civ. Action No. 06-1680, 2015 WL 2236674, at *2 (E.D. Pa. May 11, 2015), the court held that the motions pending before the court were proper Hazel-Atlas motions and not second or successive § 2255 motions. The court explained that in the motions pending before the court, the petitioner claimed a district court judge committed fraud upon the court in the opinion setting forth the reasons the petitioner's motion filed pursuant to 28 U.S.C. § 2254 would be denied by "falsely stating…that petitioner's picture was not included in a photo array" used during a criminal investigation. Nicholas, 2015 WL 2236674, at *1. The court in Nicholas explained:

circumstances, the entirety of petitioner's motion for relief from judgment constitutes a second or successive § 2255 motion because it attacks the validity of petitioner's criminal convictions and will be denied for lack of subject-matter jurisdiction.[8] Petitioner needs to seek authorization from the court of appeals to file a second or successive § 2255 motion.

---

Rather than attacking his underlying conviction or sentence, the Motions purport to challenge, pursuant to Hazel–Atlas Glass Co. v. Hartford–Empire Co ., the validity of this Court's January 16, 2007 Order denying petitioner's § 2254 Petition in light of the alleged fraud committed upon this Court by Judge Glazer. The Motions thus attack the manner in which petitioner's habeas petition was denied and are therefore properly treated as " 'independent action[s] alleging fraud upon the court," United States v. Burke, 193 F. App'x 143, 144 (3d Cir.2006) (non-precedential), not second or successive habeas petitions. See United States v. Rodriguez, No. 98–362–12, 2012 WL 162297, at *5 (E.D.Pa. Jan.18, 2012) ("[W]hen a Hazel–Atlas claim seeks relief based on fraud on the habeas court, it is not a collateral attack on the prisoner's judgment of conviction or sentence and should not be treated as a successive habeas petition [under § 2254] or [a] § 2255 motion.").

Nicholas, 2015 WL 2236674, at *2. Unlike the petitioner in this case, the petitioner in Nicholas in his Hazel-Atlas motions did not attack rulings made by the court during the underlying criminal proceedings. The court in Nicholas, however, found the petitioner in that case did not satisfy his burden to prove by "'clear, unequivocal and convincing evidence'" that an officer of the court engaged in a "'deliberately planned and carefully executed scheme'" to defraud the court; rather, the evidence of record showed "there [was] no fraud." Id. (quoting Herring, 424 F.3d at 387).

[8] Petitioner in his motion to supplement argues the court should consider a number of court decisions, which support his arguments about "what constitutes a true Rule 60 motion." (ECF No. 1195 (citing Pridgen v. Shannon, 380 F.3d 727 (3d Cir. 2004); In re Wax, 1999 U.S. App. LEXIS 38882 (3d Cir. Dec. 29, 1999); United States v. Andrews, 463 F. A'ppx 169 (3d Cir. 2012); United States v. Rodriguez, Crim. Action No. 98-362-12, 2012 WL 162297, at *4 (E.D. Pa. Jan. 18, 2012); Spitznas v. Boone, 464 F.3d 1213 (10th Cir. 2006); In re Leonard Packard, 681 F.3d 1201 (10th Cir. 2012).) The decisions cited by petitioner, however, are distinguishable from this case.

Pridgen, Andrews, Spitznas, and Pickard concerned the filing of motions pursuant to Rule 60(b), which is subject to a one-year statute of limitations, and not Hazel-Atlas or Rule 60(d)(3), which requires clear and convincing evidence to show fraud on the court. To the extent petitioner's motion for relief from judgment may be construed as a motion filed under Rule 60(b), "[a] motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the

19

proceeding." FED. R. CIV. P. 60(b). Petitioner in his brief in support of his motion for relief from judgment argues:

> [S]ince the court has not acknowledged, or even ruled on the merits on whether trial, and appeal counsel were ineffective for failing to show prejudice pertaining to 18 U.S.C. [§] 3500(e)(1) Jencks statement, as raised by petitioner in the two Rule 15 supplemental amendment motions that the court granted but failed to address, it cannot be said that petitioner has been given a full and fair opportunity to litigate the claims, in which the petitioner argues without a direct ruling on the 18 U.S.C. [§] 3500(e)(1) Jencks statement prejudice argument raised in the two Rule 15 supplemental amendment motions, he is hampered from demonstrating how the fraud was perpretrated [sic] against this court, and not only undermined the integrity of the judicial process, but more importantly, how it affected petitioner's fundamental fair trail [sic] proceedings as a whole.

(ECF No. 1169 at 3.) The foregoing argument may be construed as an attack on the integrity of petitioner's habeas proceedings, i.e., an argument that this court failed to consider arguments raised by petitioner in his supplemental submissions with respect to his § 2255 motion. Arguably, under those circumstances, if petitioner filed a motion pursuant to Rule 60(b), and it was not considered to be a second or successive § 2255 motion, this court could decide the motion on the merits without petitioner receiving authorization from the Third Circuit Court of Appeals. Gonzalez, 545 U.S. at 531-32.

On June 28, 2013, this court entered its opinion and order denying petitioner's motion for reconsideration. (ECF No. 1125.) On October 18, 2013, the Third Circuit Court of Appeals denied petitioner's application for a certificate of appealability with respect to this court's denial on the merits of petitioner's § 2255 motion and motion for reconsideration. (ECF No. 1141.) Petitioner filed his motion for relief from judgment on February 26, 2015, which is one year, seven months, and twenty-nine days from the date this court entered its order denying the motion for reconsideration, and one year, four months, and eight days from the date of the court of appeals' decision denying petitioner a certificate of appealability. Under those circumstances, even if petitioner properly filed a motion for relief from judgment under Rule 60(b), the court would deny the motion for not being timely filed.

Even if petitioner had filed a timely Rule 60(b) motion, this court previously addressed and rejected the argument raised by petitioner that forms the basis of this motion. Petitioner in his motion for reconsideration argued that this court did not consider his supplemental submissions with respect to his § 2255 motion. This court in its opinion dated June 28, 2013, rejected petitioner's arguments and held that it reviewed and considered the entirety of petitioner's supplemental submissions and found them unpersuasive. (ECF No. 1125 at 7-8.) On that basis alone, this court would deny petitioner's Rule 60(b) motion to the extent his motion for relief from judgment was construed as a timely Rule 60(b) motion.

Even if petitioner's Rule 60(b) motion was timely and this court did not previously address and reject petitioner's arguments, petitioner cannot use a Rule 60(b) motion as a substitute for an appeal and raise arguments via a Rule 60(b) motion that should have been raised on appeal. United States v. Fiorelli, 337 F.3d 282, 288 (3d Cir. 2003) (citing Smith v. Evans, 853 F.2d 155, 185 (3d Cir. 1988)). The court of appeals denied petitioner a certificate of appealabilty with respect to his § 2255 motion and motion for reconsideration, in which petitioner argued this

### c. **Lack of clear and convincing evidence**

Even if this court were to hold that a <u>Hazel-Atlas</u> motion is proper in a criminal case and petitioner's motion for relief from judgment constitutes a proper <u>Hazel-Atlas</u> motion[9] (as opposed to a second § 2255 motion), petitioner did not support his accusations with clear and convincing evidence or otherwise show that he is entitled to a hearing during which he would be required to make the *extraordinary* showing required to prove a claim for fraud upon the court. <u>Hazel-Atlas</u>, 322 U.S. at 239 (the court held a hearing after Hazel asserted in its briefing that the court of appeals' judgment was obtained by fraud and supported those accusations with evidence and the opposing party rebutted those assertions of fraud with counter-evidence). The elements of a <u>Hazel-Atlas</u> fraud on the court independent action are: "(1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) that in fact deceives the court." <u>Herring</u>, 424 F.3d at 390. This court previously held that:

---

court did not give full consideration to his supplemental submissions. Under those circumstances and to the extent petitioner's motion for relief from judgment can be construed as a Rule 60(b) motion, the motion is untimely, meritless, and cannot be used as a substitute for appeal.

    <u>In re Wax</u>, which concerns a motion filed pursuant to <u>Hazel-Atlas</u>, is distinguishable because the petitioner in that case did not attack the district court's rulings made during the underlying criminal trial; rather, the petitioner argued the "fraudulent statement of the government prevented him from fully and fairly litigating his claim of ineffective assistance of counsel on appeal from the District Court's order granting relief under § 2255." <u>In re Wax</u>, 1999 U.S. App. LEXIS 38882.

    In <u>Rodriguez</u>, the court held the petitioner's "contention is that the prosecutor prepared several of the superseding indictments against him in private, without presentment to the grand jury[, which]…is a collateral attack on the legality of his criminal conviction," and, therefore, the court was "not empowered to hear such a challenge unless and until Rodriguez receives authorization from the Third Circuit." <u>Rodriguez</u>, 2012 WL 162297, at *7.

[9]    If petitioner's motion for relief from judgment was a proper <u>Hazel-Atlas</u> independent action, it may be proper—"'[i]n an abundance of caution'"—to docket the motion at a new civil case number. <u>Rodriguez</u>, 2012 WL 162297, at *4 (quoting <u>Barrett v. United States</u>, Civ. Action No. 06-1324, 2006 WL 3248396, at *6 (N.D.N.Y. Nov. 7, 2006)).

> [Petitioner's] claims that the government "fabricated" Crowe's testimony, as well as the report containing the jailhouse interview of Crowe and the "unnamed letters," are insufficient to prevail on a § 2255 motion. [Petitioner] offers no facts or evidence that this material was "fabricated" and merely states the claim, multiple times, without any explanation concerning the alleged fabrication of the material.

(ECF No. 1038 at 8.) The evidence[10] and argument offered by petitioner in support of his motion for relief from judgment does not show by clear and convincing evidence that the government intentionally engaged in fraud, and a hearing under Hazel-Atlas is not otherwise warranted in this case, i.e., there are no disputes of material fact with respect to petitioner's assertions of fraud. Hazel-Atlas, 322 U.S. at 239; (ECF Nos. 1168-1-1168-7.) Petitioner's *accusations* of fraud are not sufficient to warrant the relief he now seeks. The evidence presented in Hazel-Atlas was *specific* and *detailed* and showed that counsel for one of the parties fabricated a material piece of evidence and paid a third party to conceal the fabrication. Hazel-Atlas, 322 U.S. at 241. Petitioner in this case presented to the court the documents in issue and letters from his counsel showing that the government requested information from another one of petitioner's cellmates, but did not present any specific or detailed information to show that the AUSAs assigned to

---

[10]     Petitioner in support of his claims that the government committed fraud upon this court submitted as evidence:

> (1) the notes of testimony of AUSA Rivetti presenting to the court as exclusive Jencks material documents consisting of an unnamed letter and ten pages of hand written notes (2) a copy of the letter (3) a copy of the hand written notes, that the government argued to the court as DEA agent Jencks statement reports that were never submitted into evidence as DEA agent Jencks statement reports, and (4) a copy of the two Rule 15 supplemental amendment motions pertaining to ineffective assistance of trial and appeal counsel in which the court granted but failed to address the prejudice argument raised in the Rule 403 claim pertaining to counsel failing to show prejudice regarding 18 U.S.C. § 3500(e)(1) as required by the prejudice prong of Strickland v. Washington [sic], thereby violating petitioner's sixth amendment [sic] right to effective assistance of counsel.

(ECF No. 1169 at 6.) The court reviewed this evidence and concludes it is not sufficient to show that the AUSAs assigned to petitioner's case committed fraud upon this court.

petitioner's case actually fabricated the Jencks Act material presented to the court and petitioner.[11] Based upon the foregoing, even if a <u>Hazel-Atlas</u> action may be brought in a criminal case and petitioner's motion for relief from judgment is not a second § 2255 motion, petitioner did not point to clear and convincing evidence that the AUSAs assigned to his case committed fraud upon this court or otherwise show that he is entitled to a hearing before this court. <u>Hazel-Atlas</u>, 322 U.S. at 239.

## IV. Conclusion

Petitioner's motion for relief from judgment is a second or successive § 2255 motion. Petitioner did not receive authorization from the Court of Appeals for the Third Circuit to file a second or successive § 2255 motion. This court, therefore, is without subject-matter jurisdiction to decide petitioner's motion. The motion for relief from judgment will, therefore, be DENIED. Petitioner may seek authorization from the court of appeals to file a second or successive § 2255 motion in accordance with 28 U.S.C. §§ 2244 and 2255(h). An appropriate order will be entered.

## V. Certificate of Appealability

When a district court issues a final order denying a § 2255 motion, the court must also make a determination about whether a certificate of appealability ("COA") should issue. Otherwise, the clerk of the court of appeals shall remand the case to the district court for a prompt determination as to whether a certificate should issue. <u>See</u> 3rd Cir. LAR 22.2.

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and

---

[11] To the extent petitioner's claims of fraud on the court are based upon the allegedly erroneous legal analysis by the AUSAs assigned to his case, those claims are not sufficient to support a claim of fraud on the court. The court applies the law to a given case, and if a court commits legal error, a party may seek redress by appealing that decision to the court of appeals.

that jurists of reason would find it debatable whether the district court was correct
in its procedural ruling.

<u>Slack v. McDaniel</u>, 529 U.S. 473, 484-85 (2000).

Based upon the § 2255 motion, files and records of the instant case, and for the reasons
set forth herein, the court finds that petitioner did not show a substantial denial of a
constitutional right.   Accordingly, a COA should not issue.

BY THE COURT,

Dated: April 20, 2015

<u>/s/ JOY FLOWERS CONTI</u>
Joy Flowers Conti
Chief United States District Judge

cc:     Larry Lewis Ferguson, 07714-068
        FCI Fairton
        P.O. Box 420
        Fairton, New Jersey 08320